# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL ACOSTA,

    *Petitioner*,

vs.

STATE OF NEVADA,

    *Respondent*.

3:14-cv-00451-HDM-VPC

ORDER

    This *pro se* prisoner matter comes before the Court for initial review. Petitioner has presented only a form motion for appointment of counsel and for an evidentiary hearing for a habeas case. He has not paid the filing fee or submitted an application to proceed *in forma pauperis*. He has not filed a habeas petition.

    Petitioner's papers are subject to multiple substantial defects.

    First, petitioner did not either pay the filing fee or submit an application to proceed *in forma pauperis*. Petitioner first must satisfy the filing fee requirement or obtain leave to proceed *in forma pauperis* in order to commence an action in federal court.

    Second, petitioner did not file a habeas petition. Petitioner may not commence an action in general by filing a motion, and he may not commence a habeas matter by filing only a motion for appointment of counsel. As discussed further below, the Court will not appoint counsel to prepare an original federal petition for petitioner.

    Third, petitioner did not name his physical custodian as respondent. Under 28 U.S.C. § 2242 and Habeas Rule 2(a), the petition must name the officer who has custody of the petitioner as respondent. The Court does not have jurisdiction unless the physical custodian

is named as respondent. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).

Fourth, petitioner may not proceed against the sole respondent named, the State of Nevada. The state sovereign immunity recognized by the Eleventh Amendment prevents petitioner from proceeding directly against the State in federal court even in a habeas action, as state sovereign immunity applies regardless of the relief sought. *See, e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984). The Court does not have jurisdiction over a suit against the State.

Given the multiple defects presented, the action will be dismissed without prejudice. A dismissal of the present improperly-commenced action without prejudice will not result in substantial collateral prejudice to petitioner. It appears that substantial time remains in the federal limitation period.[1] Moreover, in all events, there are no claims contained in the current papers to which later claims in a proper pleading might relate back. The Court accordingly will dismiss the action without prejudice.

In this regard, as noted above, the Court does not appoint counsel for noncapital petitioners to prepare a federal habeas petition. There is no constitutional right to appointment of counsel in a federal habeas action. Petitioner asserts that: (a) his state post-conviction counsel withdrew from that representation after his state post-conviction appeal concluded; (b) counsel stated to him in a letter that he could contact the Federal Public Defender and ask for assistance; and (c) an attorney with the Federal Public Defender told

---

[1] The online docket of the state district court reflects that petitioner Michael Acosta was convicted, pursuant to a jury verdict, of robbery, in No. C252105. The state supreme court affirmed on direct appeal on February 9, 2011, in No. 55584. The time to file a *certiorari* petition expired on May 10, 2011. After 62 days had passed, on July 12, 2011, petitioner filed a state post-conviction petition. The state supreme court affirmed the denial of the petition, and the remittitur issued on May 6, 2014, in No. 63435. As of the actual filing date of this federal action, an additional 114 days had passed since the remittitur. It thus appears that approximately six months remained in the federal limitation period at filing.

Petitioner at all times remains responsible for calculating the running of all limitation periods and timely seeking relief in a proper proceeding. The Court's discussion herein does not represent a definitive holding as to the running of the federal limitation period. Petitioner remains responsible for independently calculating the running of the federal limitation period and timely asserting claims.

1  him that the office could not assist him because he did not have a filed case.

2      To be clear, the Court will not appoint counsel for petitioner to prepare a federal
3  petition for him.  Petitioner must first file his petition and then request the appointment of
4  counsel.  If petitioner lets the remaining time in the federal limitation period expire while he
5  attempts to secure counsel without first filing a timely petition, any federal petition filed after
6  the limitation period expires will be dismissed as untimely.

7      Petitioner alone is responsible for calculating the running of the federal limitation period
8  under 28 U.S.C. § 2244(d) and timely presenting claims.

9      IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice
10 to a properly commenced new action.

11     IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of
12 reason would not find a dismissal without prejudice of the defective papers presented to be
13 debatable or wrong.

14     The Clerk shall send petitioner two copies each of a pauper application for a prisoner
15 and a noncapital Section 2254 form along with one copy of the instructions for each form.

16     The Clerk of Court shall enter final judgment accordingly, dismissing this action without
17 prejudice.

18     DATED: August 29, 2014.

_____
HOWARD D. MCKIBBEN
United States District Judge

-3-